UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JAMES WATSON,

    Plaintiff,

v.

SEA GRILL OF CORAL GABLES, LLC
and SEAHORSE GRILL LLC

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff James Watson hereby sues Defendant Sea Grill of Coral Gables, LLC and Defendant Seahorse Grill LLC for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

1. Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See* also 28 U.S.C. § 2201 and § 2202.

3. Plaintiff James Watson ("Plaintiff") is a Florida resident, lives in Miami-Dade County, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. §§ 12102(1)-(2), the

regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4. Plaintiff is legally blind. He uses the internet and a mobile device to help him navigate a world of goods, products and services like the sighted. He brings this action against Defendants for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) that is not fully accessible and independently usable by visually impaired consumers. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired.

5. Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6. There are two upscale seafood restaurants located within Miami Dade county which are operating under the name (brand) "Sea Grill." Both Sea Grill (brand) restaurants are open to the public, therefore each is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(B), §12182, and 28 C.F.R. §36.104(2). These Sea Grill restaurants are also referenced herein as "place(s) of public accommodation," "Sea Grill restaurant(s)," or "restaurant(s).

7. Defendant Sea Grill of Coral Gables, LLC (also referenced as "Defendant Coral Gables," "co-Defendant" or collectively with Defendant North Miami as "Defendants") is a Florida limited liability company which is the owner and operator of the Sea Grill restaurant which

is located in the Merrick Park shopping complex which is in Coral Gables, with the specific address being 4250 Salzedo Street, Suite 1425, Coral Gables, Florida 33146.  Defendant Coral Gables is defined as a "Public Accommodation" within meaning of Title III because Defendant Coral Gables is a private entity which owns and/or operates "[A] restaurant, bar, or other establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

8. Defendant Seahorse Grill LLC (also referenced as "Defendant North Miami," "co-Defendant," or collectively with Defendant Coral Gables as "Defendants") is a Florida limited liability company which is the owner and operator of the second Sea Grill restaurant, which located within North Miami at 3913 NE 163rd Street, North Miami Beach, Florida 33160.  Defendant North Miami is defined as a "Public Accommodation" within meaning of Title III because Defendant North Miami is a private entity which owns and/or operates "[A] restaurant, bar, or other establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

9. On information and belief, subsequent to the effective date of the ADA, Defendant North Miami and Defendant Coral Gables jointly constructed, or caused to be constructed, the https://seagrillmiami.com mobile website (hereinafter "mobile website") for the general public to access on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, is complementary and supplemental to Defendant North Miami and Defendant Coral Gables' respective Sea Grill restaurants. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at the restaurant's physical locations.

10. The mobile website is offered by Defendants as a way for the public to become familiar with the Sea Grill restaurant menu selections, as well as information on hours of operation, the Coral Gables and North Miami restaurant locations, and provides other information Defendants

seek to communicate to the public. By the provision of menu selection and information about the location of each Sea Grill restaurant, the mobile website is an integral part of the goods and services offered by Defendants. By this nexus, the mobile website is characterized as a Place of Public Accommodation to Title III of the ADA[1], 42 U.S.C. § 12181(7)(B) and 28 C.F.R. §36.104(2).

11. Defendants' mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device. As such, Defendants have subjected themselves to the ADA because their mobile website is offered as a tool to promote, advertise and sell Defendants' products and services from their brick-and-mortar restaurant locations, each of which is a place of public accommodation. As a result, Defendants' mobile website must interact with its restaurants and the public, and in doing so must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[2]

12. Defendants' mobile website does not properly interact with the VoiceOver screen reader software technology in a manner that allows blind and visually impaired individuals to comprehend the mobile website and does not provide other means to accommodate blind and visually impaired individuals.

13. Plaintiff has attempted to patronize Defendants' mobile website in the past and

---

[1] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." (See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

[2] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

intends to continue to make further attempts to patronize Defendants' mobile website. Like the seeing community, he would like to be able to use Defendants' mobile website to locate the Sea Grill restaurant locations, find out about the hours of operations and comprehend Sea Grill restaurant menu selections. However, unless Defendants are required to eliminate the access barriers at issue and required to change their policies so that access barriers do not reoccur, Plaintiff will continue to be denied full and equal access to the mobile website as described and will be deterred from fully using Defendants' mobile website or dining at either of the Sea Grill restaurant locations located within this district.

14. Plaintiff has attempted to utilize Defendants' mobile website and/or plans to continue to attempt to utilize the mobile website in the near future. In the alternative, Plaintiff intends to monitor the mobile website in the near future, as a tester, to ascertain whether it has been updated to interact properly with VoiceOver screen reader software.

15. Plaintiff is continuously aware of the violations on Defendants' mobile website and is aware that it would be a futile gesture to attempt to utilize Defendants' mobile website as long as those violations exist unless he is willing to suffer additional discrimination.

16. Defendants and alike restaurants are fully aware of the need to provide full access to all visitors to their mobile website as such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

17. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is his only means to secure adequate redress from Defendants' discriminatory practice.

18. Notice to Defendants is not required as a result of Defendants' failure to cure the

violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205 and 28 CFR 36.505.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

21. According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems."  28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

22. 28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

23. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

24. Defendants' mobile website has been designed to integrate with their respective Sea Grill brick-and-mortar restaurants; therefore, the mobile website is an extension of Defendants' respective Places of Public Accommodation. By and through their mobile website, Defendants have extended their respective Sea Grill restaurant locations into individual persons' homes and portable devices wherever located. The mobile website is a service, facility, privilege, advantage, benefit and accommodation of Defendants' Places of Public Accommodation. As such, Defendants' mobile website is integrated with, and is a nexus to, their brick-and-mortar locations. Therefore, it is governed by the following provisions:

    a. U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

    b. 42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity[.]"

    c. 42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals[.]"

    d. 42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory

7

to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others[.]"

      e.      42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

      f.      42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

      g.      42 U.S.C. Section 12182(b)(2)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]"

      h.      42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps

8

would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]"

25. Plaintiff attempted to access and/or utilize Defendants' mobile website, but was unable to, and he continues to be unable to enjoy full and equal access to the mobile website and/or understand the content therein because numerous portions of the mobile website do not interface with VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to VoiceOver screen reader software users include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

  i. Guideline 1.1.1 Non-Text Content is violated. The homepage carousel content is not accessible. VoiceOver screen reader software users hear "graphic slide 1." VoiceOver screen reader software users can hear that a slider with images is present, but they do not hear content or labels for the images.

  ii. Guideline 1.4.5 Images of Text is violated. The site does not use images of text (so that VoiceOver screen reader software users are unable to comprehend). For example, when attempting to comprehend the content in the Merrick Park menu, VoiceOver screen reader software users hear "graphic" announced for each section, but none of the embedded text is announced. Further, none of the menu selections (or their respective prices) are announced to VoiceOver screen reader software users.

  iii. Guideline 4.1.2 Name, Role, Value is violated. For example, the North Miami Menu is not accessible. None of the content in the menu is announced to VoiceOver screen reader software users. For VoiceOver screen reader software users, section labels are announced as "graphic dinner menu," but the content of the menu items are not announced.

26. As the owner and/or operator of the Sea Grill restaurant mobile website, Defendants are required to comply with the ADA and the provisions cited above. This includes Defendants' obligation to create and maintain a mobile website that is accessible to, and usable by, visually impaired persons so that they can enjoy full and equal access to their mobile website and the content therein.

27. With respect to their mobile website, Defendants have violated the ADA by failing to interface their mobile website with VoiceOver screen reader software utilized by visually

9

impaired individuals (as specifically delineated within paragraph 25) either directly or through contractual, licensing or other arrangements. Defendants' violations have resulted in their joint and several denial of accommodation to Plaintiff in the basis of his disability:

    a.    by depriving Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42 U.S.C. § 12182(a));

    b.    in the denial of providing Plaintiff the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(1)(A)(i));

    c.    in failing to afford Plaintiff the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

    d.    by providing Plaintiff a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals (unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others) (42 U.S.C. § 12182(b)(1)(A)(iii));

    e.    by failing to afford Plaintiff goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of the disabled individual (42 U.S.C. § 12182(b)(1)(B));

    f.    notwithstanding the existence of separate or different programs or activities provided in accordance with this section, by denying Plaintiff the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. § 12182(b)(1)(C));

g. by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations) (42 U.S.C. § 12182(b)(2)(ii)); and,

h. by a failure to take such steps as necessary to ensure that disabled individuals are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services (unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden) (42 U.S.C. § 12182(b)(2)(iii)).

28. Plaintiff continues to attempt to utilize Defendants' mobile website and/or plans to continue to attempt to utilize that mobile website.

29. Plaintiff is continuously aware of the violations within Defendants' mobile website and is aware that it would be a futile gesture to attempt to utilize that mobile website as long as those violations exist unless he is willing to suffer additional discrimination.

30. Plaintiff has suffered (and continues to suffer) frustration and humiliation as the result of the discriminatory conditions present within Defendants' mobile website. By continuing to operate their mobile website with discriminatory conditions, Defendants continue to contribute to Plaintiff's sense of isolation and segregation and to deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations Defendants make available to the general public. By encountering the discriminatory conditions within Defendants' mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website unless

he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and is deterred and discouraged from doing so. By maintaining a mobile website with violations, Defendants have deprived (and continue to deprive) Plaintiff the equality of opportunity offered to the general public.

31. Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendants' discrimination until they are compelled to comply with the requirements of the ADA and conform their mobile website to WCAG 2.1 Level A and AA Guidelines.

32. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendants' non-compliance with the ADA with respect to their mobile website. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendants. Plaintiff desires to access the mobile website to avail himself of the benefits, advantages, goods and services therein, and/or to assure himself that this mobile website is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the mobile website without fear of discrimination.

33. Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

34. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendants to alter their mobile website to make it readily accessible to and usable by Plaintiff and other persons with vision impairments.

**WHEREFORE,** Plaintiff James Watson hereby demands judgment against Defendant Sea

Grill of Coral Gables, LLC and Defendant Seahorse Grill LLC and requests the following injunctive and declaratory relief:

    a.    The Court issue a Declaratory Judgment that determines that Defendants' mobile website is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

    b.    The Court issue a Declaratory Judgment that Defendants have violated the ADA by failing to monitor and maintain its mobile website to ensure that it is readily accessible to and usable by persons with vision impairment;

    c.    The Court issue an Order directing Defendants to alter their mobile website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

    d.    The Court issue an Order directing Defendant provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with their mobile website for purposes of comprehending Defendants' mobile website, and during that time period prior to the mobile website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendants to provide an alternative method for individuals with visual impairments to effectively communicate so that disabled individuals are not impeded from obtaining the goods and services made available to the public through Defendants' mobile website.

    e.    The Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

  f.  The Court enter an Order directing Defendants to continually update and maintain their mobile website to ensure that it remains fully accessible to and usable by visually impaired individuals;

  g.  The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

  h.  The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: February 28, 2022

                Respectfully submitted,

                */s/ J. Courtney Cunningham*
                J. Courtney Cunningham, Esq.
                J. COURTNEY CUNNINGHAM, PLLC
                FBN: 628166
                8950 SW 74th Court, Suite 2201
                Miami, Florida 33156
                Telephone: 305-351-2014
                cc@cunninghampllc.com