UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-20601-JEM/Becerra

JAMES WATSON,

    Plaintiff,

v.

SEA GRILL OF CORAL GABLES, LLC, and
SEA HORSE GRILL LLC,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** came before the Court on Plaintiff James Watson's ("Plaintiff") Verified Motion for Default and Default Final Judgment and Application for Attorney's Fees, Costs, Expert Witness Fees and Litigation Expenses and Memorandum of Law (the "Motion"). ECF No. [10]. Defendants Sea Grill of Coral Gables, LLC, and Seahorse Grill LLC ("Defendants") did not file a response to the Motion and the time to do so has passed. Upon due consideration of Plaintiff's Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Plaintiff's Motion be **GRANTED**.

    **I.    BACKGROUND**

On February 28, 2022, Plaintiff filed his Complaint for Injunctive Relief against Defendants. ECF No. [1]. Plaintiff alleged claims pursuant to Title III of the Americans with

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge. ECF No. [11].

Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12181–12189 (the "ADA"), 28 C.F.R. Part 36, *et seq.*, seeking injunctive relief, attorneys' fees, costs, and litigation expenses. *See generally id.*

Plaintiff alleges that he is legally blind and therefore, under the ADA, "qualifies as an individual with disabilities" and is "a member of a protected class." *Id.* ¶ 3. Plaintiff alleges that he uses Apple Screen Reader VoiceOver, a visual-aid software, to access computer materials, including websites. *Id.* ¶ 4.

Plaintiff alleges that Defendants are two restaurants, one in Coral Gables and one in North Miami, both under the name "Sea Grill." *Id.* ¶ 6–8. Plaintiff also alleges, on information and belief, that Defendants jointly created the mobile website https://seagrillmiami.com, after the effective date of the ADA, for the public to access information on both Sea Grill locations, including locations, hours of operation, and menus. *Id.* ¶ 9. Plaintiff contends that both restaurants and the mobile website itself are categorized as a "Place of Public Accommodation" and are thus "subject to the requirements of Title III of the ADA, 42 U.S.C. § 12181(7)(B) and 28 C.F.R. §36.104(2)." *See id.* ¶¶ 6, 10. Plaintiff alleges that "Defendants have subjected themselves to the ADA because their mobile website is offered as a tool to promote, advertise and sell Defendants' products and services from their brick-and-mortar restaurant locations, each of which is a place of public accommodation." *Id.* ¶ 11.

According to Plaintiff, "numerous portions" of Defendants' mobile website do "not properly interact with the VoiceOver screen reader software technology in a manner that allows blind and visually impaired individuals to comprehend the mobile website and does not provide other means to accommodate blind and visually impaired individuals." *Id.* ¶¶ 12, 25. As a result, Plaintiff alleges that he has been denied "full and equal access" to the mobile website. *Id.* ¶ 25. Plaintiff also contends that he "has attempted to utilize Defendants' mobile website and/or plans to continue to attempt to utilize the mobile website in the near future" and/or "to monitor the mobile

2

website in the near future, as a tester, to ascertain whether it has been updated to interact properly with VoiceOver screen reader software." *Id.* ¶ 14.

When Defendants failed to respond to the Complaint, Plaintiff filed a Motion for Clerk's Entry of Default Against Defendants, and on March 31, 2022, a Clerk's Default was entered. ECF Nos. [6], [7]. On April 1, 2022, the Court entered an Order on Final Default Judgment. ECF No. [8]. Thereafter, Plaintiff filed the instant Motion, requesting the entry of default judgment against Defendants, seeking injunctive relief requiring Defendants to comply with ADA accessibility requirements, as well as an award of $6,032.00 in attorneys' fees, costs, and litigation expenses. ECF No. [10].

## II.   ANALYSIS

Federal Rule of Civil Procedure 55(b)(2) authorizes the Court "to enter a final judgment of default against a party who has failed to plead in response to a complaint." *Chanel, Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1258 (S.D. Fla. 2016). However, "[a] defendant's default does not in itself warrant the court entering a default judgment." *Id.* (quoting *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004)). The decision to grant a motion for default judgment is within the Court's discretion. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Because a defendant is not held to admit conclusions of law or facts that are not well-pled, the Court must determine whether the complaint adequately states a claim upon which relief may be granted. *See id.* (citing *Nishimatsu*, 515 F.2d at 1206); *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default[.]").

An adequately stated claim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Well-pled factual allegations are deemed to have been admitted by the defaulting defendant. *Cotton v. Mass. Mut. Life Ins. Co.*,

3

402 F.3d 1267, 1278 (11th Cir. 2005). Once liability is established, the Court must then assess forms of relief. *See Chanel, Inc. v. French*, No. 0:05-cv-61838, 2006 WL 3826780, at *2 (S.D. Fla. Dec. 27, 2006). Remedies for ADA violations include injunctive relief, reasonable attorneys' fees, costs, and litigation expenses. *See* 42 U.S.C. §§ 12188-12205.

### A. Plaintiff Has Sufficiently Pled a Claim.

Title III of the ADA provides that:

> "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, (or leases to), or operates a place of public accommodation."

42 U.S.C. § 12182(a). To prevail on a website accessibility claim under the Title III of the ADA, "a plaintiff must establish '(1) that the plaintiff is disabled; (2) that the defendant owns, leases, or operates a place of public accommodation; and (3) that the defendant denied the plaintiff—on the basis of the disability—full and equal enjoyment of the premises.'" *Gomez v. Dadeland Dodge, Inc.*, No. 19-cv-23682, 2020 WL 8919440 at *2 (S.D. Fla. Apr. 24, 2020) (quoting *Price v. City of Ocala, Fla.*, 375 F. Supp. 3d 1264, 1269 (M.D. Fla. 2019)). The ADA sets forth several requirements for places of public accommodation, "and a failure to comply with these requirements is often defined as discrimination." *Barberi v. Pub. Storage*, No. 19-cv-62172, 2020 WL 4060547 at *2 (S.D. Fla. May 8, 2020). Title III's protection "covers both tangible . . . and intangible barriers." *Rendon v. Valleycrest Productions*, Ltd., 294 F.3d 1279, 1283 (11th Cir. 2002). Accordingly, goods and services offered as part of a place of public accommodation are similarly subject to ADA compliance, and "cannot discriminate against people on the basis of a disability, even if those goods and services are intangible." *Haynes*, 741 F. App'x at 754. Therefore, "if a website operates as an intangible barrier to a physical place of public accommodation, a plaintiff can state a claim under Title III of the ADA." *Ariza v. Broward Design Ctr., Inc.*, No.

4

22-cv-61475, 2022 WL 10262037 at *2 (S.D. Fla. Oct. 18, 2022). Thus, ADA accessibility claims may include claims that an individual was denied access to a website. *See Haynes v. Dunkin' Donuts LLC*, 741 F. App'x 752, 754 (11th Cir. 2018). When alleging a claim concerning accessibility of a website, "the nexus [between the violation and the physical place of public accommodation] must concern 'an inability to use a website that impedes access to enjoy a physical location.'" *Gomez*, 2020 WL 8919440 at *2 (quoting *Price v. Everglades College, Inc.*, 2018 WL 3428156, at *2 (M.D. Fla. July 16, 2018)). For the following reasons, the undersigned finds that Plaintiff has sufficiently alleged each element of his ADA Title III claim.

First, Plaintiff alleges he is legally blind and thus disabled under the ADA. ECF No. [1] ¶ 3. Second, Plaintiff alleges that Defendants operate two restaurants open to the public and jointly created one corresponding mobile website for patrons to obtain information on both restaurants, such as menus and physical location, such that the mobile website constitutes a place of public accommodation. *Id.* ¶¶ 6, 9–10. Third, Plaintiff alleges he was barred from enjoying the services and facilities of both the Defendants' physical restaurants and the related mobile website because the mobile website does not properly interact with the visual-aid software. *Id.* ¶¶ 12–13. Furthermore, Plaintiff alleges he intends to make additional attempts to patronize Defendants' mobile website. *Id.* ¶ 13. Until Defendants amend their mobile website to accommodate visually impaired individuals, Plaintiff alleges he will continue to suffer from discrimination and unequal treatment. *Id.* ¶ 16. As such, the Court finds that Plaintiff has adequately stated a claim of an ADA Title III violation and **RECOMMENDS** that final default judgment be entered against Defendants as to liability.

### B. Plaintiff is Entitled to a Permanent Injunction Against Defendants.

"If the plaintiff establishes a violation of the ADA, an injunction is an appropriate form of relief." *Thornton v. Hosp. Mgmt. Associates, Inc.*, 787 F. App'x 634, 639 (11th Cir. 2019) (citing 42 U.S.C. §§ 12188(a)(2), 2000a-3(a)). Further,

> A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Based on Plaintiff's allegations in this case, the Court finds that Plaintiff has properly stated a claim for ADA violation, as discussed above, and is thus entitled to an injunction "direct[ing] Defendant[s] to take all necessary steps to bring its [website] into full compliance with the requirements set forth in the ADA so that its [website] is fully accessible to disabled individuals within [ninety days]." *See Spence v. Antojitos Mexicanos #1 Inc.*, No. 22-cv-61193, 2022 WL 4465392, at *4 (S.D. Fla. Sept. 24, 2022). Indeed, "[b]ecause 'a defendant, by his default, admits the plaintiff's well-pleaded allegations of fact,' Plaintiff's request for injunctive relief warrants entry of a final default judgment." *Id.* (quoting *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)). *See also Braithwaite v. Cozy Corner & Novelties LLC*, No. 18-CV-63053, 2019 WL 8884621, at *1 (S.D. Fla. May 23, 2019) ("Pursuant to these allegations, Plaintiff has clearly stated a claim for relief under the ADA, entitling him to corresponding injunctive relief.") (citing *Nolamas v. Seahorse NB, LLC*, 444 F. App'x 412, 416 (11th Cir. 2011)).

Therefore, the undersigned **RECOMMENDS** that Plaintiff's request for an injunction be **GRANTED**.

### C. Plaintiff is Entitled to $5,987.00 in Attorneys' Fees, Costs, and Litigation Expenses.

Under the ADA, the Court has discretion to award the prevailing party "a reasonable attorney's fee, including litigation expenses, and costs[.]" 42 U.S.C. § 12205. Therefore, Congress "expressly conferred upon federal courts broad discretion in determining when an award of attorney's fees is appropriate." *Ariza v. Wolf Fashion LLC*, No. 22-cv-21944, 2022 WL 3591294 at *2 (S.D. Fla. Aug. 22, 2022). In addition to the costs set forth in 28 U.S.C. § 1920, which the Court may award to the prevailing party, "a prevailing plaintiff in an ADA case may recover expert fees as a litigation expense." *Buchholz v. Sai Saffron 180 LLC*, No. 19-cv-21499, 2019 WL 5617927 at *4 (S.D. Fla. Oct. 31, 2019).

### i. Attorneys' Fees

Plaintiff seeks $4,520.00 in attorneys' fees for the legal services rendered by his attorney, J. Courtney Cunningham, Esq. *See* ECF No. [10] at 13. In assessing the appropriateness of attorneys' fees, courts first calculate "the lodestar figure by multiplying the number of hours reasonably expended by a reasonable hourly rate." *Buchholz,* 2019 WL 5617927 at *2. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonable comparable skills, experience, and reputation." *Id.* (quoting *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). The relevant legal community is "the place where the case is filed." *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). The fee applicant bears the burden of providing satisfactory evidence that the requested rate is in line with the prevailing market rate and that the hours expended are reasonable. *Ariza*, 2022 WL 3591294 at *2. Finally, the Court "may consider its own knowledge and experience" in determining appropriate attorneys' fees. *Norman*, 836 F.2d at 1303 (citing *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)).

The billing log submitted along with Mr. Cunningham's affidavit submitted in support of the instant Motion notes that Mr. Cunningham billed at $400.00 per hour. *See* ECF No. [10-2] at 5. However, the affidavit does not provide any support to demonstrate that a $400.00 hourly rate is in line with the prevailing market rate. Accordingly, the Court relies on its own experience and the holding of other courts in this District, including an ADA case in which attorneys' fees were granted for Mr. Cunningham's legal services. Specifically, "Mr. Cunningham has approximately 30 years' experience in litigation, government relations and public policy, and has handled hundreds of cases for persons with disabilities alleging ADA discrimination." *Lucius v. ILOV305 I, LLC*, No. 22-cv-20533, 2022 WL 4634115 at *4 (S.D. Fla. Sept. 7, 2022), *report and recommendation adopted*, No. 22-cv-20533, 2022 WL 4598688 (S.D. Fla. Sept. 30, 2022). Considering Mr. Cunningham's experience and the Court's familiarity with typical rates in ADA cases in this District, the undersigned finds that $400.00 is a reasonable hourly rate. *See id.* ("Based upon the record and the Court's own knowledge and experience . . . Mr. Cunningham's hourly rate of $400.00, . . . is consistent with the hourly rate awarded for similar work in this district."). Indeed, this rate is within a reasonable range of rates awarded for other counsel in similar circumstances. *See Nelson Fernandez v. Sunday State, LLC*, No. 22-cv-80653, 2022 WL 12256263 at *8 (S.D. Fla. Oct. 19, 2022) ("In three recent ADA website cases, judges in this District have awarded [p]laintiff's counsel . . . their requested $425.00 hourly rates as being reasonable."); *Kennedy v. AP2 Cedartown LLC*, No. 19-cv-63081, 2020 WL 7699966 at *2 (S.D. Fla. Dec. 3, 2020) (awarding attorney with 30 years' experience $425.00 per hour in a Title III ADA case), *report and recommendation adopted*, No. 19-cv-63081, 2020 WL 7698956 (S.D. Fla. Dec. 28, 2020). Accordingly, the undersigned recommends that counsel be compensated at the requested rate of $400.00 per hour.

Finally, the affidavit submitted with the instant Motion includes an itemized chart of Mr. Cunningham's 11.3 total expended hours. ECF No. [10-2] at 4. A fee applicant must document "the general subject matter of the time expenditures . . . with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. A court's assessment of time expenditures must include "pruning out [hours] that are 'excessive, redundant, or otherwise unnecessary.'" *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citing *Norman*, 836 F.2d at 1301). Here, the Court finds that the itemized chart sufficiently details explanations for each entry. See ECF No. [10-2] at 4. After a review of the billing records, the undersigned finds that the 11.3 hours expended were reasonable and **RECOMMENDS** that Plaintiff recovers $4,520.00 in attorneys' fees (11.3 hours times the hourly rate of $400.00).

### ii. Costs

In ADA cases, courts may award those costs enumerated in 28 U.S.C. § 1920. *See Jacobson v. City of W. Palm Beach*, No. 16-cv-81638, 2017 WL 6366791 at *2 (S.D. Fla. Aug. 1, 2017) (determining that Section 1920 costs are available to the prevailing party in ADA cases); *see also Hansen v. Deercreek Plaza, LLC,* 420 F. Supp. 2d 1346, 1354 (S.D. Fla. 2006); *Lucius,* 2022 WL 4634115 at *5. Section 1920 provides that the following costs are recoverable:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In this case, Plaintiff requests $402.00 in filing fees, which are recoverable under Section 1920(1). *See* ECF No. [10-2] at 5; *Lucius,* 2022 WL 4634115 at *5. Plaintiff also seeks to recover $100.00 for service of process. ECF No. [10-2] at 5. While costs for service of process are similarly compensable under Section 1920, the recoverable amount for private process servers' fees "may not exceed the cost of having the U.S. Marshal's Service effectuate service." *Lucius,* 2022 WL 4634115 at *5; *see also James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. 2007) ("This Circuit has held that § 1920(1) . . . authorizes a court to tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal's service effectuate service."). At the time service of process occurred here, the U.S. Marshals charged $65.00 per hour for each item served. *See Lucius,* 2022 WL 4634115 at *5. Plaintiff provides no explanation why the Court should award costs for service above that amount. Therefore, the undersigned recommends that the Court reduce the costs awarded for service of process to $65.00. *Ariza v. S. Moon Sales, Inc.,* No. 21-cv-23604, 2022 WL 4345136 at *9 (S.D. Fla. Sept. 7, 2022), *report and recommendation adopted*, No. 21-cv-23604, 2022 WL 4310972 (S.D. Fla. Sept. 19, 2022). Accordingly, the undersigned **RECOMMENDS** that Plaintiff recover $469.00 in costs ($402.00 in filings fees and $65.00 in service of process fees).

    **iii.**     **Litigation Expenses**

As for litigation expenses, Plaintiff requests $1,010.00, comprised of $1,000.00 for an expert report and $10.00 for the notarization fee for the affidavit of Plaintiff's counsel's attorneys' fees. ECF No. [10-2] at 5. The record reflects that Plaintiff retained ADASure as an expert to evaluate Defendants' website for compliance with the ADA. *See* ECF No. [10] at 5. In conjunction with the instant Motion, Plaintiff submitted ADASure's report, which details the existing barriers at Defendants' website that prevent visually impaired individuals from accessing

10

Defendants' places of public accommodation. *See id.*; ECF No. [10-1]. Plaintiff additionally submitted Michael McCaffrey's CV, who performed the evaluation of Defendants' website and prepared the ADASure report. *Id.* at 7.

In an ADA case, a prevailing plaintiff may recover expert fees as litigation expenses. *Hansen*, 420 F. Supp. 2d at 1353. Because expert witness fees typically fall within the scope of litigation expenses, ADA Section 12205 "'provides direct authority for the award of expert fees[.]'" *Id.* (citing *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002)). After review of ADASure's report, the undersigned finds that the $1,000.00 expert fee is reasonable. *See Lucius,* 2022 WL 4634115 at *5 (finding ADASure's $1,000.00 expert fee reasonable).

However, the Court finds the notarization fee is unreasonable and will not allow for its recovery. A notary was not necessary because "Title 28 U.S.C. § 1746 allows for unsworn declarations under the penalty of perjury[.]" *Lucius,* 2022 WL 4634115 at *5. Accordingly, the undersigned **RECOMMENDS** that Plaintiff should recover $1,000.00 in litigation expenses for the expert fees.

### III.  CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiff's request for injunctive relief, attorneys' fees, and litigation expenses and costs in its Motion, ECF No. [10], be **GRANTED IN PART AND DENIED IN PART**. Plaintiff should be awarded $5,989.00 in attorneys' fees and litigations expenses and costs, and an injunction should be entered against Defendant.

### I.  OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court for the Southern District of Florida, within **FOURTEEN (14)**

**DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on December 19, 2022.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**